**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02672-GPG

MITCHELL VAN SPYKER,

      Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,

      Respondent.

---

## ORDER OF DISMISSAL

---

On December 7, 2015, Mr. Van Spyker, who is currently incarcerated in the Weld County Jail, filed *pro se* an Application for a Writ of Habeas Corpus. (ECF No. 1).  The Court reviewed the document and determined it was deficient.

Therefore, on December 10, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 3) directing Mr. Van Spyker to cure certain designated deficiencies within thirty days if he wished to pursue his claims.  The December 10 order pointed out that Mr. Van Spyker failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  The order also noted that the habeas application was not on the required court-approved form.

The December 10 order directed Mr. Van Spyker to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Habeas Corpus Application and a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and to use those forms in curing the designated deficiencies.  The Court also informed Mr. Van Spyker that instead of filing a § 1915 motion, he could pay the $5.00 filing fee.  The December 10 order warned Mr. Van Spyker that if he failed to cure the designated deficiencies within thirty days as directed, the action would be dismissed without further notice.

On December 30, 2015, Mr. Van Spyker filed an amended Application for Habeas Corpus. (ECF No. 4).  For the reasons stated below, the amended Application for Writ of Habeas Corpus (ECF No. 4) will be denied, and this action will be dismissed.

The amended Application is not on the Court-approved form for filing an Application for Writ of Habeas Corpus that Mr. Van Spyker was directed to use in the December 10 order.  Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website.  Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2).  Mr. Van Spyker makes no mention of being denied access to the Court-approved form for filing an Application for Writ of Habeas Corpus, nor did he ask the Court to mail him the form because he was unable to obtain it.  Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring

use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights).

Furthermore, Mr. Van Spyker has failed to pay the filing fee or file a motion to proceed *in forma pauperis* as he was directed in the December 10 order. Therefore, the amended Habeas Corpus Application (ECF No. 4) will be denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Van Spyker files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Habeas Corpus Application (ECF No. 4) is denied, and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant to file within the time allowed an Application for Writ of Habeas Corpus on the Court-approved form and for failure to pay

the filing fee or file a motion to proceed *in forma pauperis* as directed in the order of

December 10, 2015.  It is

      FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.


DATED at Denver, Colorado, this ___13th___ day of ___January___, 2016.

                BY THE COURT:

                __s/Lewis T. Babcock_____

                LEWIS T. BABCOCK, Senior Judge
                United States District Court